DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM B. CROSBY, III,**
Appellant,

v.

**TOWN OF INDIAN RIVER SHORES,**
Appellee.

No. 4D22-439

[March 29, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Janet C. Croom, Judge; L.T. Case No. 312021CA000525.

Edward G. Guedes of Weiss Serota Helfman Cole & Bierman, P.L., Coral Gables, for appellant.

Derek J. Angell of Roper, P.A., Orlando, for appellee.

KUNTZ, J.

William Crosby challenges the circuit court's order granting the Town of Indian River Shores' motion to dismiss. The circuit court concluded that the Town's alleged statements and activities were barred by section 768.295, Florida Statutes (2021), Florida's Anti-SLAPP statute, and protected by the First Amendment. The circuit court also held that even if the Anti-SLAPP statute did not apply, the court would still dismiss Crosby's complaint for the failure to state a cause of action, but it ruled that any dismissal on this ground would be without prejudice.

In this appeal, Crosby challenges the circuit court's application of Florida's Anti-SLAPP statute and the use of that statute to protect a government entity like the Town. Instead, Crosby argues that Florida's Anti-SLAPP statute is intended to prevent retribution against individuals and non-governmental entities.

We agree with Crosby. Florida's Anti-SLAPP statute protects the people, not the government. But we also agree with the circuit court that his complaint failed to state a cause of action. As explained below, we

reverse the circuit court's order dismissing his complaint with prejudice and remand with instructions to allow Crosby the chance to amend his complaint to state a cause of action. Of course, we express no opinion on his ability to do so.

## i. Background

The Town is a local municipal government, and Crosby was employed by the Town and also served as a trustee on the Town's pension board. After Crosby voted to raise the pension return rate, a Town council member and co-defendant in this lawsuit, publicly stated as a finance committee member that Crosby acted unethically, immorally, and illegally, by voting to raise the pension return rate. The council member insisted the Town take legal action against Crosby.

At a Town council meeting, the council member demanded that Crosby resign from the pension board and filed two ethics complaints against him. The complaints were disclosed to the Town council and made public, and Crosby was voted out as a union official.

Crosby sued the Town and three individual defendants for declaratory relief, defamation, malicious prosecution, and tortious interference. The Town then moved to dismiss Crosby's complaint with prejudice, claiming that Florida's Anti-SLAPP statute and the First Amendment barred the claim, and the claim did not state a cause of action.

The circuit court granted the motion and dismissed the complaint against the Town with prejudice for the sole reason that the defendants' alleged statements and activities were barred by Florida's Anti-SLAPP statute and protected by the First Amendment. The court also held that even if the Anti-SLAPP statute did not apply, it would still dismiss the complaint without prejudice for the failure to state a cause of action.

## ii. Analysis

We answer a novel question in Florida: can governmental entities rely on Florida's Anti-SLAPP statute as a defense to lawsuits filed by citizens against the governmental entity? As all statutory questions do, the answer depends on the specific text of the Florida statute.

SLAPP lawsuits, or Strategic Lawsuit Against Public Participation lawsuits, are "civil lawsuits and counterclaims . . . filed against countless citizens, businesses, and organizations because of their valid exercise of their right to petition, including seeking relief, influencing action,

2

informing, communicating, and otherwise participating with government bodies, officials, or employees or the electorate." *See* Ch. 00-174, Laws of Florida.

To stop SLAPP lawsuits, the Florida Legislature enacted the Citizens Participation in Government Act, Chapter 00-174, Laws of Florida. The legislation—codified at section 768.295, Florida Statutes (2021)—is Florida's Anti-SLAPP statute. The Anti-SLAPP statute "protect[s] the right in Florida to exercise the rights of free speech in connection with public issues." § 768.295(1), Fla. Stat.

Section 768.295(3) specifically provides:

> **[a] person or governmental entity**[1] in this state may not file . . . any lawsuit . . . against another **person or entity** without merit and primarily because such person or entity has exercised the constitutional right of free speech in connection with a public issue, or right to peacefully assemble, to instruct representatives of government, or to petition for redress of grievances before the various governmental entities of this state . . . .

§ 768.295(3), Fla. Stat. (emphasis added).

In our view, the legislature was clear. The Anti-SLAPP statute protects citizens from lawsuits filed because of their participation in public issues. It is just as clear that the Anti-SLAPP statute does not protect a governmental entity from lawsuits filed by its citizens.

The Anti-SLAPP statute applies when a "person or entity [is] sued *by* a **governmental entity** or another person." § 768.295(4), Fla. Stat. When the "person or entity" claims the suit violates the Anti-SLAPP statute, the "**person or entity** may move the court for an order dismissing the action or granting final judgment in favor of that **person or entity**." *Id.* If that fails, "[t]he **person or entity** may file a motion for summary judgment, together with supplemental affidavits, seeking a determination that the **claimant's or governmental entity's** lawsuit has been brought in

---

[1] The statute defines "governmental entity." *See* § 768.295(2)(b), Fla. Stat. (2021) ("'Governmental entity' or 'government entity' means the state, including the executive, legislative, and the judicial branches of government and the independent establishments of the state, counties, municipalities, corporations primarily acting as instrumentalities of the state, counties, or municipalities, districts, authorities, boards, commissions, or any agencies thereof.").

3

violation of this section." *Id.* And, the court "may award . . . the party **sued by a governmental entity** actual damages arising from a **governmental entity's** violation of this section." *Id.* (emphasis added throughout).

If the Legislature intended for "governmental" entities to be protected by the statute, then the Legislature would have written "against another person or entity'" as "against another person or *government* entity." Instead, it wrote the opposite. In each instance where it referenced the party entitled to the protection of the Anti-SLAPP statute, the statute references person or entity. And in each instance where it referenced the party violating the Anti-SLAPP statute, the statute references the governmental entity or other person.

Additionally, the Anti-SLAPP statute specifically protects:

> the **constitutional right** of free speech in connection with a public issue, or right to peacefully assemble, to instruct representatives of government, or to petition for redress of grievances before the various governmental entities of this state, **as protected by the First Amendment to the United States Constitution** and s. 5, Art. I of the State Constitution.

§ 768.295(3), Fla. Stat. (emphasis added).

It protects the right guaranteed to each of us by the First Amendment. But "the First Amendment protects citizens' speech only from government regulation; government speech itself is not protected by the First Amendment." *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1565 (11th Cir. 1990) (citing *Columbia Broad. Sys., Inc. v. Democratic Nat'l Comm.*, 412 U.S. 94, 139, 139 n.7 (1973) (Stewart, J., concurring)). That "[g]overnment speech is regulated primarily by 'the political process,' not the Constitution," is another basis to conclude the statute does not protect the Town. *Mech v. Sch. Bd. of Palm Beach Cnty.*, 806 F.3d 1070, 1074 (11th Cir. 2015) (citing *Bd. of Regents of Univ. of Wis. Sys. v. Southworth*, 529 U.S. 217, 235 (2000)).

The Anti-SLAPP statute therefore protects a "person" or "entity" from lawsuits filed by governmental entities and persons. § 768.295(3), Fla. Stat. It does so to prevent abuse and to protect the rights of the citizens to participate in our government. What the text of the statute does not do is protect the government entities themselves.

4

Here, Crosby brought the claim *against* a governmental entity, the Town. The circuit court therefore erred when it allowed a governmental entity to rely on Florida's Anti-SLAPP statute as the ground for granting its motion to dismiss. So we must reverse the circuit court's dismissal with prejudice based on the Anti-SLAPP statute.

Finally, the circuit court concluded Crosby's claims for declaratory relief and tortious interference did not state a cause of action. The court wrote that:

> Even if the Anti-SLAPP Statute did not apply, the Court would nonetheless dismiss the Complaint for failure to state a cause of action. There are two counts alleged against the Town: (1) declaratory judgment and (4) tortious interference. The Court would dismiss the declaratory judgment count as a matter of law and of discretion, and it would dismiss the tortious interference count as a matter of law. But for the Anti-SLAPP Statute's application, this dismissal would be without prejudice.

We agree with the circuit court that Crosby's complaint failed to state a cause of action. On remand, the circuit court shall allow Crosby the opportunity to amend his complaint if he is able to do so.

### *iii. Conclusion*

Florida's Anti-SLAPP statute protects the people of Florida, not governmental entities. We therefore reverse the circuit court's order dismissing Crosby's complaint with prejudice and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

DAMOORGIAN, J., concurs.
MAY, J., concurs in part and dissents in part with opinion.

MAY, J., concurring in part and dissenting in part.

I dissent and would affirm the dismissal. I don't quarrel with the Anti-SLAPP statute's purported purpose, which supports the majority's decision, but I disagree the statute's wording precludes its application in this case.

I start with the statute's words. Section 768.295(3), Florida Statute

5

(2021) provides:

> **[a] person or governmental entity**[2] in this state may not file
> . . . any lawsuit . . . against another **person or entity** without
> merit and primarily because such person or entity has
> exercised the constitutional right of free speech in connection
> with a public issue, or right to peacefully assemble, to instruct
> representatives of government, or to petition for redress of
> grievances before the various governmental entities of this
> state . . . .

(Emphasis added).

As the majority correctly points out, the statute does not use the term "governmental entity" to indicate who the lawsuit is against. Instead, the legislature chose the term "entity," a term broader than "governmental entity." Rather than resort to legislative intent or statutory construction, my plain reading of the statute indicates the lawsuit's object can either be a person or an entity regardless of whether the entity is governmental. Just because the Town of Indian Shores fits within both the definition of "governmental entity" and "entity" does not somehow mean it is not an entity in the broader sense of the term. It does not eliminate its protection under the statute.

This should be the end. As the majority points out, "[w]hen a statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." *Brown v. City of Vero Beach*, 64 So. 3d 172, 174 (Fla. 4th DCA 2011) (quoting *Lee Cnty. Elec. Coop., Inc. v. Jacobs*, 820 So. 2d 297, 303 (Fla. 2002)). How the majority concludes the term "entity" to be more restrictive than "governmental entity" I cannot say.

While I find traditional canons of statutory interpretation unnecessary considering the text's plain meaning, I believe they lend further support to my position and prevent us from limiting the statutory provision at issue. "Without some indication to the contrary, general words are to be accorded their full and fair scope" and "are not to be arbitrarily limited." Antonin

---

[2] The statute defines "governmental entity." *See* § 768.295(2)(b), Fla. Stat. (2021) ("'Governmental entity' or 'government entity' means the state, including the executive, legislative, and the judicial branches of government and the independent establishments of the state, counties, municipalities, corporations primarily acting as instrumentalities of the state, counties, or municipalities, districts, authorities, boards, commissions, or any agencies thereof.").

Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 92 (1st ed. 2002).

Courts have been expressly cautioned *not* to "infer exceptions for situations that the drafters never contemplated and did not intend their general language to resolve" when confronted with generally worded provisions. *Id.* Instead, "[t]he presumed point of using general words is to produce general coverage—not to leave room for courts to recognize ad hoc exceptions." *Id.* "[I]n the end, **general words are general words, and they must be given general effect**." *Id.* (emphasis added).

Here, a person filed a lawsuit against an entity, the Town of Indian Shores, whose council members exercised their constitutional free speech rights in connection with a public issue. Section 768.295(3), Florida Statute (2021) protects the entity, albeit governmental, from such a suit. The trial court reached that conclusion and so do I.

I would affirm and so I dissent.[3]

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[3] I agree the complaint failed to state a cause of action, but because I arrive at a different conclusion than the majority, I would not reach the secondary issue of whether the plaintiff should be given leave to amend.